United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 05-31025

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY GREEN, also known as G;
ANTHONY HONEYCUT, also known as Ray,

Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana
(2:03-CR-258-1)

Before BARKSDALE, DEMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Underlying these two appeals are felony-drug convictions. Gregory Green challenges only the calculation of his sentence; Anthony Honeycut, only his conviction. **AFFIRMED.**

I.

Green and Honeycut were members of a New Orleans drug-distribution network. Green supplied heroin to local dealers, including Honeycut. In addition to selling that heroin, Honeycut sold cocaine to local dealers.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In late 2004, Green and Honeycut were charged with conspiracy to distribute, and possession with intent to distribute, heroin, in violation of 21 U.S.C. § 846. Honeycut was also charged with conspiracy to distribute, and possession with intent to distribute, cocaine hydrocholoride (powder cocaine) and 50 grams or more of cocaine base.

A jury returned guilty verdicts for Green and Honeycut in April 2005. Green was sentenced, *inter alia*, to 92-months in prison; Honeycut, *inter alia*, to 121-months.

## II.

## A.

Green presents two bases for contesting his sentence calculation. After *United States v. Booker*, 543 U.S. 220 (2005) (Guidelines only advisory), in deciding whether a sentence is reasonable, we continue to "review a district court's interpretation and application of the Sentencing Guidelines *de novo,* and its factual findings, for clear error". *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

## 1.

Green contests the court's adding two levels to his Guidelines base-offense level, pursuant to § 3B1.1(c). Under that section,

2

the upward adjustment is proper if the defendant was an "organizer, leader, or supervisor" in a criminal scheme. U.S.S.G. § 3B.1(c).

Green maintains: he and Honeycut were involved in a number of "*ad hoc* joint-ventures"; and he never supervised Honeycut. Ample evidence, however, showed Green regularly used Honeycut as a "runner" to distribute drugs and collect money from street-level dealers. ***United States v. Gonzales***, 436 F.3d 560, 584-85 (5th Cir.) (holding § 3B1.1(c) enhancement proper where defendant was a supervisor of at least one of the other participants in the criminal activity), *cert. denied*, 126 S. Ct. 2045 (2006). The upward adjustment was proper.

2.

Green challenges the amount of heroin used in determining his advisory sentencing range. The district court found the amount of heroin involved in the conspiracy to be between 60 to 80 grams. Green contends: only 51 of the 77 grams of heroin entered in evidence can be attributed to him; and, therefore, the drug-amount range for Guidelines' purposes should be between 40 to 60 grams.

There was sufficient evidence that Green was involved in a drug-distribution conspiracy of *at least* 60-80 grams of heroin, if not more. Green traveled to and from New York City on numerous occasions to obtain multiple ounces of heroin. In addition, drug-dealers-turned-Government-witnesses testified they sold various amounts of heroin after receiving it from Green. The district

court's factual finding for the amount of heroin involved was plausible in the light of the record as a whole and, therefore, was *not* clearly erroneous. *E.g.*, **United States v. Betancourt**, 422 F.3d 240, 246 (5th Cir. 2005).

## B.

Honeycut presents three challenges to his convictions. He maintains the district court: (1) gave incorrect jury instructions; (2) improperly admitted expert witness testimony; and (3) allowed the Government to improperly cross-examine a defense witness.

## 1.

In claiming the district court improperly charged the jury, Honeycut contends: the jury was instructed to decide first, whether he joined a conspiracy to distribute *powder cocaine,* and then to determine how much *cocaine base* was involved; and, in effect, this led the jury to convict him for a cocaine-base conspiracy (the more serious crime) by finding he joined a powder-cocaine conspiracy (the less serious crime).

In reviewing the instructions, we must first decide whether "the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of law applicable to the factual issues confronting them". **United States v. Mendoza-Medina**, 346 F.3d 121, 132 (5th Cir.) (internal citations and quotations omitted), *cert. denied*, 540 U.S. 1156 (2004). "The

4

trial court's charge must not only be legally accurate, but also factually supportable; the court may not instruct the jury on a charge that is not supported by evidence." *Id.* In determining whether the presented evidence sufficiently supports the charge, we view "the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Government", *id.*, with any error subject to harmless error review. *United States v. Cartwright*, 6 F.3d 294, 301 (5th Cir.), *cert. denied*, 513 U.S. 1060 (1994).

Any error in the instructions was harmless; at trial, there was sufficient wiretap evidence and Government-witness testimony to prove the existence of an extensive cocaine-base conspiracy. *See Johnson v. Sawyer*, 120 F.3d 1307, 1315 (5th Cir. 1997) ("[E]ven if the jury instructions [are] erroneous, [a court should] not reverse [if it] determine[s], based on the entire record, that the challenged outcome could not have affected the outcome of the case." (internal citation omitted)).

2.

In challenging the admission of expert testimony, Honeycut claims a DEA Agent's testminoy was cumulative because the Agent was analyzing Government wiretap phrases that: (1) had already been interpreted by previous Government witnesses; and (2) contained information that was within the jurors' common knowledge.

According to Honeycut, the testimony offered nothing substantive, but instead clothed lay testimony with the aura of expertise.

The admission of expert testimony is reviewed for an abuse of discretion. *E.g.*, **United States v. Sanchez-Sotelo**, 8 F.3d 202, 210 (5th Cir.), *cert. denied*, 511 U.S. 1023 (1994). Even if its admission was erroneous, to reverse a conviction, the court must find "a significant possibility that the testimony had a substantial impact on the jury". **United States v. Cain**, 587 F.2d 678, 682 (5th Cir.), *cert. denied*, 440 U.S. 975 (1979). It is "well-established that an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business, as such testimony is often helpful in assisting the trier of fact understand the evidence". **United States v. Washington**, 44 F.3d 1271, 1283 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995). The admission of the testimony was within the court's discretion.

3.

Finally, Honeycut claims the district court erred in allowing the Government to cross-examine a character witness with questions about the witness' knowledge about Honeycut's criminal record. Honeycut contends that questions about his prior misconduct sought information not inconsistent with the witness' testimony on direct examination and should not have been allowed under Federal Rule of Evidence 404(a)(1).

Because Honeycut raises this issue for the first time on appeal, we review *only* for plain error. FED. R. CRIM. P. 52(a). To establish reversible plain error, a defendant must show a clear or obvious error affected his substantial rights. **United States v. Castillo**, 386 F.3d 632, 636 (5th Cir.), *cert. denied*, 543 U.S. 1029 (2004). If that showing is made, generally we will correct the plain error only if it "affects the fairness, integrity, or public reputation of judicial proceedings". **Id.**

The admission of the challenged testimony did *not* constitute clear or obvious error. Therefore, Honeycut's contention that the court should have provided limiting instructions to minimize the effect of the testimony is foreclosed.

### III.

For the foregoing reasons, the judgments are

**AFFIRMED.**

7